IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

HILLS McGEE, and all other persons similarly situated,

    Plaintiffs,

v.

SENTINEL OFFENDER SERVICES, LLC,

    Defendant.

CV 110-054

# ORDER

On April 23, 2010, Defendant Sentinel Offender Services, LLC (Defendant) removed to this Court the captioned case, originally filed in Richmond County Superior Court (the state case).[1] At the time of removal, there was a hearing scheduled for April 30, 2010, in the state court for the purpose of addressing (1) whether the temporary restraining order (TRO) issued on April 16, 2010, enjoining Defendant from monetary collection

---

[1] Under Eleventh Circuit law, once a state case is removed, the District Court "treats everything done in the state court as if it had in fact been done in the federal court." Salery v. United States, Case No. 09-13661, 2010 WL 1401227 at *1 n.1 (11th Cir. Apr. 8, 2010)(citing Savell v. S. Ry. Co., 93 F.2d 377, 379 (5th Cir. 1937)). Fifth Circuit decisions handed down prior to October 1, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). Moreover, the District Court "may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." Salery, 2010 WL 1401227 at *1 n.1 (quoting Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1252 (11th Cir.1988)).

efforts and any actions to have any no-bond arrest warrant issued for Plaintiff McGee, should be converted into a preliminary injunction, and (2) whether Defendant should be held in contempt for violating a previous court order issued in another related state case.

Upon consent of the parties, the TRO is hereby extended by the issuance of a permanent injunction mandating that Defendant Sentinel Offender Services, LLC is **PERMANENTLY RESTRAINED** and **ENJOINED** from taking any action to collect any fee against Plaintiff McGee arising out of his charges of public drunkenness and obstruction of a law enforcement officer for which he was granted habeas corpus relief on January 28, 2010, including the $186.00 mentioned in Defendant's March 8, 2010, correspondence to Plaintiff McGee, and is further **ENJOINED** from taking any action to have any no-bond arrest warrant issued for Plaintiff McGee, as set forth in Defendant's April 1, 2010, letter. Furthermore, upon consent of the parties, the petition for contempt is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of April, 2010.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA