IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

HILLS McGEE, and all other           *
persons similarly situated,          *
                                     *
        Plaintiff,                   *
                                     *      CV 110-054
        v.                           *
                                     *
SENTINEL OFFENDER SERVICES,          *
LLC,                                 *
                                     *
        Defendant.                   *

## O R D E R

Presently before the Court is Plaintiff's motion to remand this case to the Superior Court of Richmond County, Georgia. (Doc. no. 11.) Upon due consideration, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff originally brought the present action against Defendant Sentinel Offender Services, LLC ("Sentinel") in the Superior Court of Richmond County, Georgia, on April 16, 2010. In his Complaint, Plaintiff asserts various claims arising from Sentinel's role as a private probation company in the State of Georgia. In Count I, Plaintiff seeks a temporary restraining order enjoining Sentinel from "taking any action against the

plaintiff on void convictions" and requests that the Court find Sentinel in contempt of court.[1] (Doc. no. 1, Ex. 1 at 2-5.) Count II purports to bring a class action on behalf of all individuals previously convicted of a misdemeanor or ordinance violation in the State of Georgia, who are under probation supervised by Sentinel, and who have paid a fee to Sentinel. (Id. at 5.) Plaintiff alleges that the Georgia statute under which Sentinel operates as a private probation company, O.C.G.A. § 42-8-100(f), is unconstitutional, and contends that Defendant's business practices constitute a pattern of racketeering activity, as that is defined in the Georgia Racketeer Influence and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-4-1 et seq. (Id. at 5-7.) Plaintiff is seeking, inter alia, the divestment of all fees collected by Sentinel while acting as a private probation company; a declaration that O.C.G.A. § 42-8-100(f) is unconstitutional; and reimbursement in an amount equal to three times the amount of the fees paid to Sentinel for the supervision of class members' private probation, including all monthly operating fees, electronic monitoring fees, or other fees, and punitive damages. (Id. at 10.)

---

[1] Following removal, and upon consent of the parties, this Court denied Plaintiff's petition for contempt, but issued a permanent injunction that, inter alia, prevents Sentinel from taking any future action to collect fees from Plaintiff based upon criminal charges for which Plaintiff was granted habeus corpus relief on January 28, 2010. (See Doc. no. 7.)

On April 23, 2010, Sentinel timely removed this case to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. (Doc. no. 1.) According to the notice of removal, subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), in that the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, the citizenship of at least one member of the proposed class is diverse from the defendant, and the plaintiff class includes one-hundred or more members. (Id. at 2.)

In support of removal, Defendant filed a declaration by Sentinel's Chief Operating Officer and the Vice President of Eastern Operations, Mark Contestabile. In his declaration, Mr. Contestabile states that 35,753 individuals convicted of misdemeanors or ordinance violations in the State of Georgia are under probation supervised by Sentinel and Sentinel has collected $5,675,639.20 in supervision fees from these individuals. (Contestabile Decl. ¶¶ 4-5.) According to Mr. Contestabile, this amount does not include $2,086,811.08 in fees for electronic monitoring and $183,049.00 in fees for drug screens. (Id. ¶¶ 6 & 7.)

On May 21, 2010, Plaintiff filed a motion to remand this case to the Superior Court of Richmond County and a memorandum in support thereof. (Doc. nos. 11 & 12.) Plaintiff argues that

3

this Court lacks jurisdiction under 28 U.S.C. § 1332(d) and contends that even if the Court had jurisdiction, it should decline to exercise said jurisdiction pursuant to 28 U.S.C. § 1332(d)(3). (Doc. no. 12 at 2-3.) Finally, Plaintiff argues that the provisions of the CAFA are inapplicable here because the primary defendant in this case, Sentinel, is a state official or other governmental entity against which a district court may be foreclosed from ordering relief. (Id. at 4.)

## II. DISCUSSION

### A. Legal Standard

Any civil action originally filed in state court of which the federal district courts have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). As the removing party, Defendant has the burden to prove the existence of federal jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). A federal court should strictly construe removal statutes and resolve any doubts regarding the existence of federal jurisdiction in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

### B. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

28 U.S.C. § 1332(d)(2) provides as follows:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy

4

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which-- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

In this case, Defendant has sufficiently established, and Plaintiff does not dispute, that minimal diversity exists and the proposed plaintiff class would include over one-hundred individuals.[2] The disputed issue here, as to jurisdiction, is whether Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.[3] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) ("[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence.").

According to Plaintiff, Mr. Contestabile's declaration is insufficient to show the amount in controversy because it fails to set forth "exactly when [the fees] were collected, whether

---

[2] Plaintiff is a citizen of Georgia and Defendant is a limited liability corporation organized under the laws of Delaware with its principal place of business in California. (Doc. no. 1 at 3.) Further, Mr. Contestabile states in his declaration that "35,753 individuals who have been convicted of misdemeanor or ordinance violations in the State of Georgia are under probation supervised by Sentinel." (Contestabile Decl. ¶ 4.)

[3] While there was some question in the recent past as to whether at least one individual plaintiff in a case brought under the CAFA must have a claim exceeding $75,000, the Eleventh Circuit recently clarified its position on this issue and held that "[t]here is no requirement in a class action brought originally or on removal under CAFA that any individual plaintiff's claim must exceed $75,000." Cappuccitti v. DirecTV, Inc., No. 09-14107, 2010 WL 4027719, at *2 (11th Cir. Oct. 15, 2010).

they were collected within the statute of limitations or if they were 'paid' by the individuals in the class or by someone else on their behalf." (Doc. no. 12 at 3.) Further, Plaintiff notes in his motion that, while Mr. Contestabile states that Sentinel has collected a certain amount of fees in electronic monitoring, he does not state "what portion of those fees were used to rent equipment or expenses or who paid those fees." (Id.)

Plaintiff relies on Miedema v. Maytag Corp., 450 F.3d 1322 (11th Cir. 2006), to argue that Defendant has failed to show, with the requisite degree of certainty, that the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Miedema, however, is inapplicable here. Miedema was a product liability action in which the plaintiff alleged that various ovens manufactured by Maytag contained a defective motorized door latch assembly. Id. at 1324. In support of removal, Maytag supplied the court with a declaration written by Maytag's information analyst in which the analyst provided an estimate of the number of ovens sold by Maytag of the type identified in the complaint. Id. at 1330-31. The analyst stated that the total value of these ovens was estimated to be $5,931,971.00. Id.

The district court, in remanding the case, held that the defendant had failed to carry its burden on removal, in part because the defendant's analyst had not explained how she arrived at the "total value." Id. at 1331. In its opinion

6

affirming the district court's decision, the Eleventh Circuit found, based upon the analyst's deposition, that she had relied on the manufacturer's suggested retail price for each model type at issue. Id. The Circuit Court stated that it was unclear whether this price "would in any way reflect the compensatory damages, interest, and costs" that the plaintiff was seeking. Id. at 1331-32. The Eleventh Circuit further concluded that the analyst's statement was not based on actual sales data but was rather "merely a guess." Id. The court ultimately held, "[g]iven the particular facts and circumstances," the district court did not err in remanding the case after finding that "great uncertainty" remained as to the amount in controversy. Id.

This is not a case like Miedema in which "great uncertainty" exists as to the amount in controversy. In his Complaint, Plaintiff asks that this Court require Defendant to "divest itself of any interest in the enterprise or personal property, including all fees collected by it acting as a private probation company." (Doc. no. 1, Ex. 1 at 8.) Further, Plaintiff requests that this Court issue an order requiring that the Defendant "reimburse each and every member of the Class three (3) times the amount of the fees paid to Sentinel Offender Services, LLC for the supervision of their private probation, including all monthly operating fees, electronic monitoring fees, or other fees." (Id. at 9.)

Based upon these representations, Defendant has submitted a declaration that sets forth explicitly the supervision fees ($5,675,639.20), the electronic monitoring fees ($2,086,811.08), and the drug screening fees ($183,049.00) collected by Sentinel from the proposed class members. (Contestabile Decl. ¶¶ 1-8.) There is no evidence that these figures were based on the kind of guesswork at play in Miedema. Further, unlike in Miedema, these figures are clearly reflective of the damages Plaintiff seeks in his Complaint. For instance, while Plaintiff may argue that Defendant "merely stated that it 'collected' certain fees" rather than offering evidence as to who "paid" the fees (doc. no. 12 at 2-3),[4] Plaintiff's RICO claim requests that the Court "require that [Sentinel] divest itself of any interest in the enterprise or personal property, including *all fees collected by it as a private probation company.*"[5] (Doc. no. 1, Ex. 1 at 8 (emphasis added).)

---

[4] "[T]o the extent [Plaintiff] complain[s] that the proof of the amount at issue is imprecise, such fault flows from an imprecise class definition in the complaint." Drury v. Countrywide Home Loans, Inc., No. 6:08-cv-152, 2008 U.S. Dist. LEXIS 88431, at *5 (M.D. Fla. Oct. 17, 2008).

[5] Plaintiff's other arguments as to the insufficiency of Defendant's evidence on removal are equally unavailing. For example, Plaintiff argues that Defendant fails to specify what portion of the probation-related fees went to covering Defendant's own costs, yet there is nothing in the Complaint indicating that Plaintiff is only seeking a portion of the fees paid by the proposed class members. Plaintiff also argues that Defendant has failed to specify when the proposed class members paid the fees identified in the submitted declaration, thereby drawing into question which fees were collected within the applicable statute of limitations. However, "[w]hen determining the amount in controversy for jurisdictional purposes . . . courts cannot look past the complaint to the merits of a defense that has not yet been established." Miedema, 450 F.3d at 1332 n.9.

Based upon the foregoing, the Court finds that Defendant has shown by a preponderance of the evidence that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

**C. 28 U.S.C. § 1332(d)(3) does not apply.**

Plaintiff asserts that under 28 U.S.C. § 1332(d)(3) this Court may, in the interest of justice and after considering the totality of the circumstances, decline to exercise jurisdiction over this matter. Plaintiff, however, ignores a crucial element of this statutory provision. 28 U.S.C. § 1332(d)(3) allows a district court to decline to exercise jurisdiction in class actions brought pursuant to 28 U.S.C. § 1332(d)(2) in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants* are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3) (emphasis added).

The undisputed evidence shows that the sole defendant in this action, Sentinel, is not a citizen of Georgia, the state in which this action was originally brought. Sentinel is a limited liability corporation organized under the laws of Delaware with its principal place of business in Irvine, California. (Contestabile Decl. ¶ 3.) Thus, this Court lacks the authority

to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3).

> **D. The primary defendant in this action is not a state official or other governmental entity, and thus this Court is not foreclosed from granting relief under 28 U.S.C. § 1332(d)(5).**

In what appears to be a last ditch effort to avoid this Court's jurisdiction, Plaintiff alleges that 28 U.S.C. § 1332(d)(2) is not applicable here because the defendant in this action is a "state official or other governmental entity." (Doc. no. 12 at 4.) While Plaintiff is correct in his statement of the law, see 28 U.S.C. 1332(d)(5) ("Paragraphs [1332(d)(2) through 1332(d)(4)] shall not apply to any class action in which—the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief . . . ."), Plaintiff is incorrect in asserting that the defendant is a state official or governmental entity. Sentinel is a private, limited liability corporation.[6] Not only does Plaintiff's Complaint identify Defendant as a "*private* probation company," but also much of this lawsuit revolves around Plaintiff's contention that O.C.G.A. § 42-8-100(f) is an "illegal delegation of judicial

---

[6] Plaintiff cites no law in support of his conclusory assertion that Sentinel, a private probation company, should be considered a state official or governmental entity for the purposes of this lawsuit. This conclusory assertion as to the legal status of Defendant is simply insufficient to warrant remand, especially when Defendant has presented clear evidence that it is a private company.

power to a *private company*." (Doc. no. 1, Ex. 1 at 5 (emphasis added).) Accordingly, based upon the record before the Court, this Court is not foreclosed from granting relief under 28 U.S.C. § 1332(d)(5).

### III. CONCLUSION

Based upon the foregoing, Plaintiff's motion to remand (doc. no. 11) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of November, 2010.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA